**GENEVIT CREATIONS, et al., Plaintiffs,**

v.

**UNDERWRITERS AT LLOYD'S, Defendants. Action I.**

**Rogan DWYER, Plaintiff,**

v.

**QUALITY JEWELRY, Defendant. Action II.**

Civil Action Nos. CV–92–5490 (DGT), CV–93–103 (DGT).

United States District Court, E.D. New York.

May 3, 1996.

Barbara Matarazzo, Matarazzo Blumberg and Associates, P.C., New York City, for Genevit Creations, Inc., and Steve Dell.

Dennis M. Wade, Wade–Clark–Mulcahy, New York City, for Underwriters at Lloyd's, Andrew Dixon, Rogan C. Dwyer.

Alan P. Rosefielde, Hein J. Hazenberg, New York City.

## ORDER

TRAGER, District Judge:

This order concerns the application to this court by plaintiffs in an action, *Scheiner v. Wallace,* 93 CV 0062 (RWS), that is pending in the Southern District of New York. The *Scheiner* plaintiffs, who are not parties to either law suit captioned here, have applied for an order to compel disclosure of discovery materials generated during the pendency of the *Genevit v. Lloyd's* litigation.

The *Genevit* litigation was settled during trial before this court on November 2, 1995. A condition of the settlement was that the agreement would be sealed and that, to assure confidentiality, discovery materials would be returned to the parties that provided them. Before the counsel for the *Genevit*

---

plaintiffs, Barbara A. Matarazzo of Matarazzo Blumberg & Associates, P.C., had returned the materials, however, the plaintiffs in *Scheiner v. Wallace* subpoenaed certain documents from that firm. Thereafter the *Scheiner* plaintiffs made a motion before Judge Robert W. Sweet to compel production of the subpoenaed materials held by Matarazzo Blumberg. Judge Sweet declined to rule, directing the *Scheiner* plaintiffs to apply to this court.

The application by the *Scheiner* plaintiffs to compel was denied by this court on the record at a hearing on April 2, 1996, without prejudice to *Scheiner* plaintiffs renewing their request upon a strong justification for their need to obtain the Matarazzo Blumberg work product and documents produced by the Lloyd's defendants in discovery here, pursuant to Fed.R.Civ.P. 26(b)(3).

The *Scheiner* plaintiffs renewed their request to this court by letter, giving the following reasons as justification for their request to obtain the documents from Matarazzo Blumberg rather than the parties who originally produced them:

1. The identity of many of the parties were (sic) unknown to the plaintiffs;

2. Many of the documents were produced in England; and

3. The discovery cut-off was imminent.

Rosefielde Letter dated April 12, 1996

The *Scheiner* litigation is based on the denial, by Lloyd's of London, of the insurance claims related to an alleged burglary at related jewelry firms, Cindy Royce and Maximus, two named plaintiffs in *Scheiner*. There is an extended history of litigation associated with these insurance claims. *See*

*Scheiner v. Wallace*, 832 F.Supp. 687 (S.D.N.Y.1993), for the history of litigation following Lloyd's rejection of the firms' proof of loss relating to an alleged burglary to their premises in 1989.[1]

The discovery requests by Matarazzo Blumberg (and those of the prior attorneys for plaintiffs Genevit and Steve Dell) are attorney work product, ordinarily discoverable by one party in a lawsuit from another party only upon strictly circumscribed showings. However, here the request is made of a non-party to the lawsuit, albeit with the intention of obtaining materials provided to that non-party by an adversary of the requestor.

Rule 26(b)(3), requiring "a party seeking discovery [to show] has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means ...," appears to limit discovery by one party only against another party. However, Wright, Miller and Marcus note that, despite the fact that: "Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work-product rule by the issuance of a protective order under Rule 26(c)." 8 *Federal Practice and Procedure* § 2024 (1994).

The settlement of the *Genevit* litigation was premised on, inter alia, assurance of confidentiality for discovery materials by return of documents by the parties. The following exchange, between Franklyn Snitow, attorney for the defendant in the second

---

1. In 1992, three principals of Cindy Royce and Maximus pled guilty to Attempted Grand Larceny in the Fourth Degree in connection with "fraudulent overstatement in the Proof of Loss filed with Lloyd's of the value of the goods alleged stolen during the alleged burglary." *Cindy Royce Creations, Inc. v. Simmons & Simmons*, 1993 WL 288291 (S.D.N.Y. July 28, 1993) at *3 (Quoting Simmons & Simmons' 3(g) statement.). Although none of the persons who pled guilty are named plaintiffs in the *Scheiner* suit currently pending in the Southern District, the firms, Cindy Royce and Maximus, as well as the son and wife of Samuel Scheiner, who plead guilty, are named plaintiffs.

*Cindy Royce Creations, Inc. v. Simmons & Simmons* is a related case, a malpractice action by Cindy Royce and Maximus against the British law firm that represented them in their unsuccessful suit against Lloyd's in Great Britain. The British suit was dismissed after thirty days of trial. Judge Patterson granted summary judgment on most of the claims against Simmons & Simmons and dismissed those remaining pursuant to the doctrine of forum non conveniens. *See also Scheiner v. Wallace*, 860 F.Supp. 991 (S.D.N.Y.1994), 1995 WL 464944 (S.D.N.Y. August 4, 1995).

action, Quality Jewelry, speaking for the plaintiff in the first action, Genevit, as well, and Dennis Wade, attorney for Lloyd's, placing the settlement agreement on the record, dealt specifically with the confidentiality of discovery materials:

> Mr. Snitow: So the record is clear, the discovery process is not subject to being disseminated or communicated to any third party, and that goes with regard to the materials that were disclosed to our clients as well, they will not disclose and you will not disclose and we'll return our respective documents.
>
> Mr. Wade: That's accepted.

Tr. at 1086–87.

Later in the proceeding, the parties agreed with the Court's summary of the confidentiality requirement: "I think the better way of handling it is that both of you can keep your exhibits and copies, but you don't give it to third parties unless you are required to in either a court order or in the context of some future litigation." Mr. Snitow agreed, stating: "I think that's sufficient ... I think both clients and counsel should be admonished, the matter is confidential and should not be disseminated." Tr. at 1091. Only the inability of the Matarazzo Blumberg firm to separate the Lloyd's documents prior to service of the *Scheiner* subpoena resulted in these documents remaining in its possession at the time the *Scheiner* subpoena was filed.

Although the *Scheiner* plaintiffs argue the applicability here of a decision compelling discovery in the face of a confidentiality provision in a settlement agreement, *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559 (S.D.N.Y.1977), the circumstances there may be readily distinguished from that presented here. In *Magnaleasing,* discovery was sought under the specific authorization of Fed.R.Civ.P. 69(a) by a judgment debtor with regard to a settlement agreement about which "it [was] suggested that the settlement involved improper transfers of assets to and from defendants and that production of the agreement would aid plaintiff in locating defendants' assets." 75 F.R.D. at 560–61. Here, the *Scheiner* plaintiffs are litigants in a completely unrelated suit, who seek to capitalize on the legal work performed in another law suit, despite having had opportunity for discovery in the British and Southern District lawsuits directly related to the claim.

The *Scheiner* plaintiffs' "strong justification" of the necessity for the discovery they request demonstrates the extent to which a fishing expedition is proposed: "The *identity* of many of the parties were (sic) unknown to the plaintiffs ..." After more than six years of litigation related to the insurance coverage of the plaintiffs' 1989 alleged burglary, this ignorance appears to be a misfortune of their own making. It is also difficult to understand, at this advanced stage in the *Scheiner* litigation, the importance of the documents at Matarazzo Blumberg when they concern parties unknown to the *Scheiner* plaintiffs.

Similarly the asserted hardship of obtaining information from London seems less than compelling for litigants who have undertaken litigation in London. Finally, the concern that the "discovery cut-off was imminent" also seems less than compelling. Although the cutoff of discovery in the *Scheiner* litigation has been "extended several times," there is no indication that any application to extend discovery has been made to Judge Sweet, nor that the information sought would justify an extension. Quoting *Hickman v. Taylor,* 329 U.S. 495, 513, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947), the Second Circuit has observed, in a case in which discovery was sought against a third party's attorney: "discovery is not permitted merely to aid opposing counsel 'to help prepare himself ... and to make sure that he has overlooked nothing.'" *Republic Gear Co. v. Borg–Warner Corp.,* 381 F.2d 551, 557 (1967).

### Conclusion

For the reasons set forth above, the renewed request by the plaintiffs in *Scheiner v. Wallace,* S.D.N.Y. 93 CV 0062 (RWS), to compel production of the *Genevit* discovery requests and materials in the possession of the firm, Matarazzo Blumberg and Associates, is denied.

SO ORDERED.